# UNITED STATES DISTRICT COURT
### for the
### Eastern District of Michigan

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| | ) | Case No. 17-30183 |
| DEVANTE GADDIS | ) | |
| *Defendant* | ) | |

## ORDER OF DETENTION PENDING TRIAL

### Part I - Eligibility for Detention

Upon the

☑ Motion of the Government attorney pursuant to 18 U.S.C. § 3142(f)(1), or

☐ Motion of the Government or Court's own motion pursuant to 18 U.S.C. § 3142(f)(2),

the Court held a detention hearing and found that detention is warranted. This order sets forth the Court's findings of fact and conclusions of law, as required by 18 U.S.C. § 3142(i), in addition to any other findings made at the hearing.

### Part II - Findings of Fact and Law as to Presumptions under § 3142(e)

☐ **A. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(2)** *(previous violator)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community because the following conditions have been met:

  ☐ **(1)** the defendant is charged with one of the following crimes described in 18 U.S.C. § 3142(f)(1):

    ☐ **(a)** a crime of violence, a violation of 18 U.S.C. § 1591, or an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed; **or**

    ☐ **(b)** an offense for which the maximum sentence is life imprisonment or death; **or**

    ☐ **(c)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508); **or**

    ☐ **(d)** any felony if such person has been convicted of two or more offenses described in subparagraphs (a) through (c) of this paragraph, or two or more State or local offenses that would have been offenses described in subparagraphs (a) through (c) of this paragraph if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses; **or**

    ☐ **(e)** any felony that is not otherwise a crime of violence but involves:
    **(i)** a minor victim; **(ii)** the possession of a firearm or destructive device (as defined in 18 U.S.C. § 921); **(iii)** any other dangerous weapon; or **(iv)** a failure to register under 18 U.S.C. § 2250; **and**

  ☐ **(2)** the defendant has previously been convicted of a Federal offense that is described in 18 U.S.C. § 3142(f)(1), or of a State or local offense that would have been such an offense if a circumstance giving rise to Federal jurisdiction had existed; **and**

  ☐ **(3)** the offense described in paragraph (2) above for which the defendant has been convicted was committed while the defendant was on release pending trial for a Federal, State, or local offense; **and**

  ☐ **(4)** a period of not more than five years has elapsed since the date of conviction, or the release of the defendant from imprisonment, for the offense described in paragraph (2) above, whichever is later.

☑ **B.  Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(3)** *(narcotics, firearm, other offenses)*:  There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because there is probable cause to believe that the defendant committed one or more of the following offenses:

☐ **(1)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508);

☑ **(2)** an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b;

☐ **(3)** an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;

☐ **(4)** an offense under Chapter 77 of Title 18, U.S.C. (18 U.S.C. §§ 1581-1597) for which a maximum term of imprisonment of 20 years or more is prescribed; **or**

☐ **(5)** an offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425.

☐ **C.  Conclusions Regarding Applicability of Any Presumption Established Above**

☐ The defendant has not introduced sufficient evidence to rebut the presumption above.

**OR**

☑ The defendant has presented evidence sufficient to rebut the presumption, but after considering the presumption and the other factors discussed below, detention is warranted.

### Part III - Analysis and Statement of the Reasons for Detention

After considering the factors set forth in 18 U.S.C. § 3142(g) and the information presented at the detention hearing, the Court concludes that the defendant must be detained pending trial because the Government has proven:

☐ By clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community.

☐ By a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required.

In addition to any findings made on the record at the hearing, the reasons for detention include the following:

☑ Weight of evidence against the defendant is strong
☐ Subject to lengthy period of incarceration if convicted
☑ Prior criminal history
☑ Participation in criminal activity while on probation, parole, or supervision
☑ History of violence or use of weapons
☐ History of alcohol or substance abuse
☑ Lack of stable employment
☐ Lack of stable residence
☑ Lack of financially responsible sureties
☐ Lack of significant community or family ties to this district

☐ Significant family or other ties outside the United States

☐ Lack of legal status in the United States

☐ Subject to removal or deportation after serving any period of incarceration

☐ Prior failure to appear in court as ordered

☐ Prior attempt(s) to evade law enforcement

☐ Use of alias(es) or false documents

☐ Background information unknown or unverified

☐ Prior violations of probation, parole, or supervised release

OTHER REASONS OR FURTHER EXPLANATION:

Defendant is a 20 year old single male, father of one, who lives with his girlfriend in Lansing, MI.  He is charged in a complaint with discharging a firearm, an Intratec Tec 9 semi-automatic pistol from the window of a moving vehicle on the freeway, US 127 near Jackson, Michigan on November 8, 2016.  The incident was recorded by cell phone video by the SOI in the case.  Specifically on November 8, 2016 Defendant met with an unknown male with dreadlocks in the male's apartment in Jackson, MI, exited the apartment with a newly acquired firearm, and then drove as a back seat passenger from Jackson MI to Lansing, MI.  During the drive the SOI stated that Defendant rolled down the rear window and shot the Intratec Tec 9 semi-automatic pistol at least one time out the window while the car was moving down the highway.  Defendant was convicted of Felony weapons, carrying concealed, in 30th District Court in Lansing, Michigan in 2015.  He is currently under court supervision in Eaton County. Defendant's probation officer advises that Defendant is in absconder status, having not reported since January 2017.  He was previously violated for being in possession of two firearms, and a violation hearing is set for 4/24/1/7.  Defendant's criminal history is replete with his failures to comply with conditions of supervision due to new criminal conduct (his HYTA status was denied on 9/9/2015 in response to new criminal conduct following a conviction for Felony Motor Vehicle, Unlawful Driving Away).  He was charged with Misdemeanor Stolen Property, Receiving and Concealing and was convicted in 2015, which offense occurred while he was on pretrial release.  Defendant is charged currently in Lansing, Michigan with Felony Assault with Intent to Murder, Felony Firerms, Discharge in or at Building Causing Injury, Felony Weapons, Possession by a Felon Felony Weapons, Felony Firearm, and was granted bond on 3/15/17.  A pretrial conference in that matter is scheduled for 4/20/17.  Defendant currently has a PPO filed against him which expires 1/24/2018.  Additionally he has an active felony warrant out of Mason, MI  for Manufacture, Delivery and Possesssion of Marijuana.  Defendant has a history of requiring therapy for anger management issues, he was diagnosed with ADD as a child, but chose to stop taking his prescribed medications in 2008. His employment history consists of one month working in Meijer's Warehouse in 2016, one month working at Williamston Products in 2016, and 7 months working at Michigan State University in 2015 in an unknown capacity.  Pretrial Services has interviewed this Defendant and finds that he poses a risk of flight, and that he also poses a risk of danger to the community, and recommends detention based upon danger.  This Court finds that there is clear and convincing evidence that Defendant poses a danger to the community, based upon the seriousness and nature of the instant charges in conjunction with Defendant's extensive and violent criminal history, which includes a pending case for felony assault and firearms charges.  Defendant has failed dismally to comply with conditions of bond and supervision, and has violated his probation and is currently in absconder status.  The statutory factors have been reviewed and analyzed, and this Court finds that there is clear and convicing evidence that Defendant poses a danger to the community.  There is no condition or combination of conditions that would assure the safety of the community. Detention is therefore Ordered.

**Part IV - Directions Regarding Detention**

The defendant is remanded to the custody of the Attorney General or to the Attorney General's designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant must be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

Date:  April 19, 2017                                    s/Mona K. Majzoub
                                                                        *Judge's Signature*

                                                              Mona K. Majzoub, U.S. Magistrate Judge
                                                                        *Name and Title*